obsolescence of patterns. The taxpayer originally claimed a deduction of 3½ per cent of the total sales for the year, which was disallowed by the Commissioner, who computed the deduction at 6 per cent upon cost, plus additions during the years here involved. At the hearing the taxpayer, admitting the correctness of the Commissioner's method, contended that its patterns, while having a physical life of many years, become obsolete within nine years.

### FINDINGS OF FACT.

Taxpayer is a New York corporation engaged in the manufacture and sale of wood, coal, and gas stoves, with principal office and place of business at Tonawanda.

As a result of the method of determining the deduction for exhaustion, wear and tear, and obsolescence of patterns, by the National Association of Stove Manufacturers, the taxpayer computed this deduction during the years here involved and those prior thereto upon the basis of 3½ per cent of the total sales for the year. For certain prior years the Commissioner allowed the deductions claimed, but for the taxable years changed the method of determining the deduction to 6 per cent of the cost and adjusted the income and the invested capital accordingly.

By reason of the constant change in designs and styles of stoves to meet the public demand, patterns in use for a period of from eight to twelve years are only used for the manufacture of repair parts and, to a minor extent, in the manufacture of certain stoves, the designs and styles of which have been changed. The average useful life of patterns used by the taxpayer is ten years, and the deduction for exhaustion, wear and tear, and obsolescence should be computed upon the basis of 10 per cent of the cost, plus additions.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.

---

### APPEAL OF W. F. CHILDS & CO.

Docket No. 4127. Submitted July 16, 1925. Decided February 18, 1926.

*George E. Frazier, Esq.,* for the taxpayer.
*Willis D. Nance, Esq.,* for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

There is involved in this appeal the determination of a deficiency in income tax for the year 1922 in the sum of $1,735.09. The question

is the right of the taxpayer to deduct from its gross income for 1922 a net loss sustained during a three-month taxable period in 1921.

### FINDINGS OF FACT.

The taxpayer, an Illinois corporation, with its principal office in Chicago, was organized October 1, 1921. During the taxable period October 1, 1921, to December 31, 1921, it sustained a net loss in the sum of $11,880.07 and set forth such loss in its return of income for that year. In computing its net income for 1922, it deducted the amount of the net loss. The Commissioner disallowed the deduction and determined the deficiency above set forth.

### DECISION.

The deficiency determined by the Commissioner is disallowed. *United States* v. *Carroll Chain Co.*, 8 Fed. (2d) 529; *Appeal of Carroll Chain Co.*, 1 B. T. A. 38; *Patapsco Ballast Co.*, 1 B. T. A. 1081.

---

## APPEAL OF DALLAS BRASS & COPPER CO.

Docket No. 2629.   Submitted June 5, 1925.   Decided February 18, 1926.

1. Under the Revenue Act of 1918, a corporation return for income tax is a sworn statement " stating specifically the items of its gross income and the deductions and credits allowed by this title," as set forth in section 239 of said Act.

2. The so-called tentative return, Form 1031-T, as made and filed by this taxpayer, did not state any items of gross income or deductions and was not *the return* required by law.

3. The time within which the Commissioner may make an assessment or assert a deficiency of income and profits taxes under the Revenue Act of 1918 is the period of five years from and after the filing of a return made as required by that Act, and limited by section 277 of the Revenue Act of 1924.

4. The Commissioner may, in his discretion, reopen and reconsider any taxpayer's liability to income and profits taxes originally decided by him at any time within the period of the statute of limitations, subject only to the provisions of sections 1005 and 1006 of the Revenue Act of 1924.

5. Where an issue of fact respecting the proper application of section 328 of the Revenue Act of 1918 is raised by the pleadings and the Commissioner declines to respond to a subpœna to appear and produce the data upon which he acted in applying the provisions of said section 328, a continuance may be granted to permit the taxpayer to assemble and produce evidence in support of its allegations of fact.

*Frederick D. Silber* and *George S. Ward, Esqs.*, for the taxpayer. *Arthur H. Fast, Esq.*, for the Commissioner.